BARRY LEVINSON & ASSOCIATES                                    E-FILED: 10/27/10
BARRY LEVINSON, ESQ.
Nevada Bar No.: 006721
JEREMY MONDEJAR, ESQ.
Nevada Bar No.: 11213
2810 S. Rainbow Blvd.
Las Vegas, Nevada 89146
(702) 836-9696
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. BKS-10-21401-LBR |
| | Chapter 13 |
| **RENE VALENCIA** | Hearing Date: November 18, 2010 |
| | Hearing Time: 3:00 PM |
| Debtor(s). | Trustee: Kathleen Leavitt |

<u>AMENDED MOTION TO VALUE COLLATERAL, "STRIP OFF", "CRAM DOWN" AND MODIFY WELLS FARGO HOME MORTGAGE PURSUANT TO 11 U.S.C. §506(a) AND §1322</u>

Debtor, RENE VALENCIA, by and through attorney JEREMY MONDEJAR, Esq. of the Barry Levinson & Associates, hereby move this Court for its Order valuing collateral and modifying the rights of Creditor WELLS FARGO HOME MORTGAGE pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014.  In furtherance of this motion, Debtor states as follows:

1. Debtor filed the above captioned Chapter 13, Case Number 10-21401-LBR on June 18, 2010.

2. On the petition date, Debtor owned real property located at 6408 N. 67th Dr., Glendale, AZ 85303, legally described as:

    ROMERO ESTATES Lot 52 UNIT 2 MCR 582-25

    APN 144-04-347, (hereinafter the "Property").

3.   This Property is characterized as rental property in the Debtor's bankruptcy petition Schedule A.  See Exhibit "A" - Schedule A.

4.   The value of the Property was $111,000.00 as of the petition date.  See Debtor's appraisal attached hereto as Exhibit "B".

5.   WELLS FARGO HOME MORTGAGE holds a First Trust Deed ("First Mortgage") securing a note with a principal balance Of $203,568.00. The Debtor takes the position that WELLS FARGO HOME MORTGAGE's note is secured in the amount of $111,000.00, the appraised value of the Property.  Therefore, the remaining amount of $92,568.00 is unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtors' Chapter 13 Plan.

## MEMORANDUM OF LAW

1.   Section 506(a)(1) of the Bankruptcy Code provides that a Chapter 13 debtor may bifurcate as secured lender's claim into an allowed secured claim and an allowed unsecured claim based upon the actual value of the property securing such lender's lien.

> An allowed claim of a creditor secured by a lien on
> Property in which the estate has an interest, or that is
> Subject to setoff under section 553 of this title, is a secured
> Claim to the extent of the value of such creditor's interest in
> The estate's interest in such property, or to the extent of the
> Amount subject to setoff, as the case may be, and is an
> Unsecured claim to the extent that the value of such
> Creditor's interest or the amount so subject to setoff is less
> Than the amount of such allowed claim.  Such value shall be
> Determined in light of the purpose of the valuation and of
> The proposed disposition or use of such property, and in
> Conjunction with any hearing on such disposition or use or
> On a plan affecting such creditor's interest.

11 U.S.C.§506(a)(1).

2.   The Supreme Court has recognized that section 506 of the Bankruptcy Code defines the amount of the secured creditor's allowed secured claim and the conditions of his receving post-petition interest. <u>United Sav. Ass'n of Texas v. Timbers of Inwood Forest</u>

1  Associat4s, Ltd., 484 U.S. 365,, 371 (1988). In United Sav. Ass'n of Texas, the Supreme Court

2  interpreting Section 506(a) of the Bankruptcy Code found that:

>   In subsection (a) of this provision the creditor's "interest in
>   Property" obviously means his security interest without
>   Taking account of his right to immediate possession of the
>   Collateral on default. If the latter were included, the "value
>   of such creditor's interest" would increase, and the
>   proportions of the claim that are secured and unsecured
>   would alter, as the stay continues-since the value of the
>   entitlement to use the collateral from the date of bankruptcy
>   would rise with the passage of time. No one suggests this
>   was intended.  The phrase "value of such creditor's interest"
>   in §506 (a) means "the value of the collateral."

See id. (emphasis added) (quoting H.R.Rep. No. 95-595, pp. 181, 356 (1977)).

    3.    The Ninth Circuit agrees with this interpretation of section 506 of the Bankruptcy Code. In re Maldonado, 46 B.R. 497, 499 (9th Cir. BAP 1984) (interpreting section 506(a), "a claim 'is a secured claim to the extent of the value of [the] creditor's interests' in the estate's interest in the property.  The entire claim is not a secured claim.  The claim is secured only to the extent of the secured interest."

    4.    In addition, this Bankruptcy Court has found that "an 'allowed secured claim' is a determination generally made under 11 U.S.C. § 506." In re BBT, 11 B.R. 224, 229 (bankr. D. Nev. 1981).  The Bankruptcy Court further state that, with respect to a claim secured by a lien on property of the estate, "to the extent that the value of the property is less than the amount of the total allowed claim, **the claim is unsecured**." Id. (emphasis added).

    5.    Thus, pursuant to the law of this Circuit, the amount of the allowed secured claim cannot exceed the market value of the property and the remainder of the claim must be treated as an allowed unsecured claim for purposes of the plan.  In re Sagewood Manor Associates Ltd. Partnership, 223 B.R. 756, 773 (Bankr. D. Nev. 1998) (holding that the court may confirm a chapter 11 plan over the objection of a class of secured claims if the members of that class are to

receive under the plan property of a value equal to the allowed amount of their secured claims, as determined under 11 U.S.C. § 506(a)).

      6.      Moreover, the Ninth Circuit Court of Appeals h as also found that an unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to section 506 (a) of the Bankruptcy Code. See In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured…claims" and "unsecured claims."  Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property.  An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim …
> 11 U.S.C. 506(a).  To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it.  Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."  Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

<u>In re Zimmer,</u> 313F.3d at 1222-23.

      7.      Accordingly, the mortgage on the Property are under-secured, the WELLS FARGO HOME MORTGAGE 's claim should be bifurcated into secured and unsecured claims based on the market value of the Property as shown in the appraisal as set fourth in Exhibit A.

      8.      Moreover, because of the First Mortgage being partially unsecured (in that there is no equity above the first mortgage), WELLS FARGO HOME MORTGAGE's unsecured claim should be reclassified as a general unsecured claim to be treated pro rata with similar unsecured creditors.

     WHEREFORE, Debtor prays that this Court:

1. Valuate the Property to $111,000.00 the value of the Debtor's certified appraisal;
2. Classify the First Mortgage as secured to the amount of $111,000.00;
3. Reclassify the amount of the WELLS FARGO HOME MORTGAGE's First Mortgage claim that exceeds $111,000.00 as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's chapter 13 plan;
4. Grant the Debtor such other relief the Court finds appropriate.

Dated:  October 27, 2010

                                       /s/ JEREMY MONDEJAR, Esq.
                                       Jeremy Mondejar, Esq.
                                       Attorney for Debtor(s