Electronically filed on _____

TIFFANY & BOSCO, P.A.
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

Attorneys for Wells Fargo Bank, N.A.
10-72994

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | No. 10-21401-lbr |
| Rene Valencia | Chapter 13 |
| Debtor. | Date: 3/24/2011<br>Time: 1:30 p.m. |

### SECOND SUPPLEMENTAL OBJECTION TO CONFIRMATION OF PLAN

COMES NOW, WELLS FARGO BANK, N.A., (hereinafter "Secured Creditor"), and files this Second Supplemental Objection to the Debtor's Plan #1. This objection is based on the pleadings of record, the attached exhibits, and any oral argument the Court cares to entertain.

Secured Creditor is the first deed of trust holder on 6408 N. 67th Drive, Glendale, Arizona 85303 and is owed over $203,000.00. Secured Creditor's lien has been stripped to $111,000.00. However, the proposed plan does not provide for payment of the $111,000.00.

In addition to the reasons stated in the Secured Creditor's initial objection and first supplemental objection, Secured Creditor asserts that the current plan should not be confirmed for the following reasons:

1. The proposed Plan is not feasible. Based on Schedule J, the Debtor has a current monthly net income of $398.00, this is including an expenditure for the prior regular monthly payment of $1,421.00. Once that prior payment amount is added back into his net income, he now has a monthly net income of $1,819.00 ("adjusted monthly net income"). The debtor's plan proposes to pay $15,900.00 to the trustee over 3 years. After adding the additional $111,000.00, the total amount paid through the plan would be $126,900.00. Based on that amount, the debtor's monthly payment to the trustee over 36 months would be $3,525.00 (based on 0% interest). Based on the debtor's adjusted monthly net income of $1,819.00, he would not have the means to complete the plan or make the monthly payments of $3,525.00. Furthermore, should the debtor amend the plan to be spread over 5 years, their monthly plan payment would be $2,115.00 (based on 0% interest) and still would not have the means to make those payments.

2. The proposed plan does not provide for and adequate interest rate based on the Debtors' risk factors. *See*, Till v. SCS Credit Corp., 541 U.S. 465 (2004).

3. By filing the clearly infeasible amended plan, the Debtor is engaged in unreasonable delay that is prejudicial to this and other creditors, 11 U.S.C. §1307(c)(1).

4. 11 U.S.C. 1326(a)(6) requires that a debtor be able to make all payments under the plan. The code further requires that a proposed plan be fair and equitable, and that it is not likely to be followed by liquidation. This Debtor cannot afford to make the necessary plan payments. The plan is not fair and equitable and it is clearly a plan that is likely to result in liquidation in the near future.

5. Any Chapter 13 Plan proposed by Debtors must provide for and eliminate the objections specified in the Secured Creditor's initial objection, the first supplemental objection, and this second supplemental objection in order to be feasible and to provide adequate protection to this objecting Secured Creditor. It is respectfully requested that confirmation of the Chapter 13 Plan, as proposed by the debtor, be denied.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) For attorneys' fees and costs incurred herein.

(3) For dismissal of the Chapter 13 proceeding, with prejudice.

(4) For such other relief as this Court deems proper.

DATED this 7TH day of MARCH 2011.

                                                          TIFFANY & BOSCO, P.A.

                                                          By /s/ Gregory L. Wilde, Esq.
                                                          GREGORY L. WILDE, ESQ.
                                                          Attorneys for Secured Creditor

**TIFFANY & BOSCO, P.A.**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

Wells Fargo Bank, N.A.
10-72994

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-S-10-21401-lbr |
| Rene Valencia | Date: 03/24/2011<br>Time: 1:30 PM |
| | Chapter 13 |
| Debtor(s). | |

## CERTIFICATE OF MAILING

1. On __3/7/11__, I served the following documents(s):

   SECOND SUPPLEMENTAL OBJECTION TO CONFIRMATION OF PLAN

2. I served the above-named document(s) by the following means to the persons as listed below:

   ■ **a. ECF System**

   Barry Levinson*
   michael@lawbybarry.com
   Attorney for Debtor

   Kathleen A Leavitt
   courtsecf3@las13.com
   Trustee

■ **b. United States mail, postage fully prepaid**

>Rene Valencia
>5450 S. Fort Apache Rd.
>Apt. 105
>Las Vegas, NV  89148
>Debtors

☐ **c. Personal Service** (List persons and addresses. Attach additional paper if necessary)

> I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney's office with a clerk or other person in charge, or if no one is charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ **d. By direct mail (as opposed to through the ECF System)**

> *(List persons and email addresses. Attach additional paper if necessary)*

Based upon the written assignment of the parties to accept service by email or a court order. I caused the document(s) to be sent to the persons at the mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

///
///
///

☐ **e. By fax transmission** *(List persons and fax numbers. Attach additional paper if necessary)*

Based upon the written assignment of the parties to accept service by fax transmission or a court order. I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. By messenger** *(List persons and addresses. Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

*( A declaration by the messenger must be attached to this Certificate of Service).*

# I declare under penalty of perjury that the foregoing is true and correct.

Signed on *(date)*: 03/07/2011

_G GARRETT_
DECLARANT

_[signature]_
SIGNATURE OF DECLARANT